## In re PRIMEVISION HEALTH, INC., CONTRACT LITIGATION

### No. MDL–1466.

Judicial Panel on Multidistrict Litigation.

June 19, 2002.

---

* Judge Selya did not participate in the decision of this matter.

1. Fleet Bank (RI), N.A.; FleetBoston Financial Corp.; and Fleet Credit Card Services, L.P. (collectively Fleet).

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, MOREY L. SEAR, BRUCE M. SELYA, JULIA SMITH GIBBONS,* D. LOWELL JENSEN and J. FREDERICK MOTZ, Judges of the Panel.

## *TRANSFER ORDER*

WILLIAM TERRELL HODGES, Chairman.

■ This litigation currently consists of the four actions listed on the attached Schedule A and pending, respectively, in the Southern District of Indiana, the Western District of Kentucky, the Eastern District of North Carolina, and the Western District of Tennessee.[1] Prime Vision Health, Inc. (PrimeVision), which is the plaintiff in the Eastern District of North Carolina action and the defendant in the other actions, moves the Panel, pursuant

to 28 U.S.C. § 1407, for an order centralizing this litigation in the Eastern District of North Carolina. All parties other than the movant and its parent company oppose transfer. If the Panel nevertheless orders centralization, then these opposing parties would favor selection of the Western District of Kentucky as transferee forum.

On the basis of the papers filed and hearing session held, the Panel finds that these four actions involve common questions of fact, and that centralization under Section 1407 in the Western District of Kentucky will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The four actions before the Panel relate to standardized agreements used by a group of domestic optometry and ophthalmology practices to contract for services to be provided by PrimeVision. In each action PrimeVision is aligned, as a plaintiff or defendant, on one side of the dispute, and a group of affiliated parties is opposing PrimeVision on the other side. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

■ In selecting the Western District of Kentucky as transferee district, we note that this is the suggested transferee district in which i) a judge with a favorable caseload has been presiding over an action for several months; ii) one of the constituent actions is pending; and iii) all responding parties support centralization.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions

---

* Judge Gibbons took no part in the decision of this matter.

1. The Section 1407 motion before the Panel also pertained to one action pending in the Eastern District of California, *Fogg, Maxwell & Lanier, M.D., Inc., et al. v. PrimeVision*

*Health, Inc., et al.,* C.A. No. 1:01–6294. The court dismissed that action with prejudice on May 28, 2002, pursuant to a stipulation of the parties, and, accordingly, the question of Section 1407 transfer with respect to the action is now moot.

listed on the attached Schedule A and pending outside the Western District of Kentucky are transferred to the Western District of Kentucky and, with the consent of that court, assigned to the Honorable Thomas B. Russell for coordinated or consolidated pretrial proceedings with the action pending in that district.

### SCHEDULE A

*MDL1466—In re PrimeVision Health, Inc., Contract Litigation*

*Southern District of Indiana*

*Eye Associates of Southern Indiana, P.C., et al. v. PrimeVision Health, Inc., C.A. No. 4:01–251*

*Western District of Kentucky*

*Huntington & Distler, P.S.C., et al. v. PrimeVision Health, Inc., et al., C.A. No. 3:01–678*

*Eastern District of North Carolina*

*PrimeVision Health, Inc. v. Charles Retina Institute, P.C., et al., C.A. No. 5:01–853*

*Western District of Tennessee*

*Charles Retina Institute, P.C., et al. v. Opticare Health Systems, Inc., et al., C.A. No. 2:01–2809*